**Dawn EDLUND,**

v.

**The Honorable Ann MONTGOMERY, individually and in her official capacity; the Honorable Arthur Boylan, individually and in his capacity; and the United States District Court for the District of Minnesota.**

No. CIV.A. 04–CV–4515JBL.

United States District Court,
D. Minnesota.

Jan. 24, 2005.

988

Alfred Milton Stanbury, Stanbury Law Office, Mpls, MN, for Plaintiff.

Perry F. Sekus, US Attorney, Mpls, MN, for Defendants.

## MEMORANDUM AND ORDER

JAMES B. LOKEN, Chief Circuit Judge, sitting by designation.

Plaintiff filed this *Bivens* action against United States District Judge Ann D. Montgomery and United States Magistrate Judge Arthur J. Boylan alleging that, by their rulings denying an award of attorney's fees and costs in a prior civil action, these judges deprived plaintiff of property in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Bivens v. Six Unknown Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff joined the United States District Court for the District of Minnesota as an additional defendant. After the other District of Minnesota District Judges recused, Chief Judge James M. Rosenbaum designated the undersigned to preside as a visiting judge of the district court. I then ordered plaintiff to show cause why the complaint should not be dismissed because the judicial defendants are entitled to absolute immunity and because no claim upon which relief can be granted has been asserted against the District Court. Plaintiff has responded to that order. Having carefully considered the response, I now dismiss the complaint for the following reasons.

## I. PROCEDURAL HISTORY

Plaintiff Dawn Edlund commenced the underlying action against private party defendants, asserting a claim for treble damages and attorney's fees under the Federal Odometer Law, 49 U.S.C. § 32701(a). Edlund prevailed after a jury trial and was awarded substantial treble damages. However, accepting the report and recommendation of Magistrate Judge Boylan, Judge Montgomery denied Edlund an award of attorney's fees and costs because her attorney intentionally withheld evidence and evaded disclosure obligations during pretrial discovery. Edlund challenged that ruling in three distinct proceedings.

— First, Edlund appealed Judge Montgomery's order to the Eighth Circuit. A three-judge panel affirmed Judge Montgomery's decision without opinion. *Edlund v. Ridgedale Automotive, Inc.,* 49 Fed.Appx. 669 (8th Cir.2002). The Supreme Court of the United States denied Edlund's petition for a writ of certiorari to review the Eighth Circuit's ruling. *Edlund v. Bob Ryan Motors, Inc.,* 537 U.S. 1194, 123 S.Ct. 1304, 154 L.Ed.2d 1030 (2003).

— Second, Edlund petitioned the Eighth Circuit for an extraordinary writ of mandamus. Again, a three-judge panel denied the petition, and the Supreme Court denied her petition for a writ of certiorari. *Edlund v. United States Dist. Court for the Dist. of Minn.,* 541 U.S. 973, 124 S.Ct. 1884, 158 L.Ed.2d 468 (2004).

— Third, Edlund returned to the district court and moved to vacate or amend the judgment because it failed to include an award of attorneys' fees and costs. The district court summarily denied relief, Edlund again appealed, and a three-judge Eighth Circuit panel affirmed, citing Edlund's prior unsuccessful appeal and the law-of-the-case doctrine. *Edlund v. Ridgedale Automotive, Inc.,* 101 Fed.Appx. 180 (8th Cir.2004).

Edlund then commenced this action, seeking "injunctive relief ... to award plaintiff the attorney's fees and costs to which she became entitled when she prevailed at the trial of her Federal Odometer Law action."

## II.  ABSOLUTE IMMUNITY

■  It is well-settled that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), quoting *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646 (1871). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The doctrine therefore applies to suits for injunctive relief as well as claims for money damages. *See Bolin v. Story,* 225 F.3d 1234, 1240–42 (11th Cir.2000) (per curiam); *Mullis v. United States Bankr.Court for the Dist. of Nev.,* 828 F.2d 1385, 1392 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988).

■  Edlund argues that Judge Montgomery and Magistrate Judge Boylan are not entitled to absolute immunity because the actions complained of, "although judicial in nature, were taken in the complete absence of all jurisdiction." The contention is frivolous. This narrow exception to the doctrine of judicial immunity applies only when a judge hears a case that is clearly beyond her judicial authority, such as a probate judge trying a criminal case. *Stump,* 435 U.S. at 357 & n. 7. Judge Montgomery and Magistrate Judge Boylan clearly had jurisdiction over Edlund's Federal Odometer Law claim in the underlying action. *See* 49 U.S.C. § 32710(b); 28 U.S.C. § 1331. They are entitled to judicial immunity even if their decision exceeded their authority under the statute or, as Edlund argues, "ignore[d] the unequivocal mandates" of that statute.

■  Edlund next argues that the judges are not entitled to judicial immunity because the awarding of attorney's fees and costs mandated by statute is an administrative, not a judicial function. This contention, too, is frivolous. True, judicial immunity extends only to judicial acts, not to "the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). But the award of attorney's fees and costs, or the decision to deny such an award as a sanction for attorney misconduct in the case, is a quintessential judicial act, part of resolving the dispute between the parties before the court. "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 362, 98 S.Ct. 1099. Based on the long history of this dispute, counsel for Edlund should know better than to suggest that, in the underlying action, he and Edlund were not dealing with the judges in their judicial capacity.

The remainder of Edlund's lengthy response to the order to show cause simply recycles the arguments made in her prior challenges to the denial of attorney's fees and costs in the underlying action. These arguments go to the *merits* of Judge Montgomery's ruling. Judicial immunity discourages inappropriate collateral attacks and "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester,* 484 U.S. at 225, 108 S.Ct. 538. Edlund has had her days in court on the merits of her claim for attorney's fees and costs, and she has not prevailed. Judge Montgomery and Magistrate Judge Boylan are entitled to absolute immunity from this lawsuit challenging the correctness of their judicial acts. The claims against them are DISMISSED.

## III. OTHER CLAIMS AND MOTIONS

 Edlund's complaint included a claim against the District of Minnesota, the court that provided a forum for her Federal Odometer Law claim in the underlying action. Edlund makes no showing that the United States has waived its sovereign immunity from this claim. *See* 5 U.S.C. § 701(b)(1)(B); *Bivens*, 403 U.S. at 410, 91 S.Ct. 1999 (Harlan, J., concurring). Moreover, she cites no authority for a *Bivens* claim against a district court based on an allegedly erroneous ruling by one of its judges. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), which bars *Bivens* damage claims against agencies of the Federal Government, is strong authority to the contrary. The complaint against the District Court is DISMISSED for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6).

 Finally, Edlund has moved to disqualify the undersigned, on the ground that "an appeal by plaintiff to the Eighth Circuit would be adversely colored by the fact that she would be appealing from a decision of one of the Eighth Circuit's own judges and the chief judge no less." Without further explanation, Edlund also moves "prospectively" to disqualify "any judge of the Court of Appeals for the Eighth Circuit and any district court judge within the Eighth Circuit from presiding by designation over this case." Edlund cites no case law supporting this motion. Congress has expressly authorized circuit judges "to hold a district court in any district within the circuit." 28 U.S.C. § 291(b). The practice is not uncommon, and as one might expect, every so often a circuit judge sitting as a district judge in his or her own circuit is reversed on appeal. *See, e.g., Merk v. Jewel Food Stores, Div. of Jewel Companies, Inc.*, 945 F.2d 889 (7th Cir.1991), *rev'g* 734 F.Supp. 330 (N.D.Ill. 1990). Having carefully considered the question, I conclude there is no reason why my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Accordingly, the Motion to Disqualify is DENIED.

The Complaint is DISMISSED in its entirety, with prejudice and on the merits.

IT IS SO ORDERED.